# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-40673
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO ADOLFO GALINDO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-154-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ricardo Adolfo Galindo pleaded guilty to a single count of transporting an illegal alien, a violation of 8 U.S.C. § 1324. He was sentenced to 60 months of imprisonment. Galindo appeals the district court's finding that he failed to accept responsibility for his offense and the resulting denial of a reduction in his guidelines sentencing range under U.S.S.G. § 3E1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's interpretation and application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error.[1] A finding that a defendant has not accepted responsibility is examined "under a standard of review even more deferential than a pure clearly erroneous standard."[2] This is because the district court's determination turns so much on its own credibility and fact determinations. We will affirm the denial of a downward adjustment for acceptance responsibility under U.S.S.G. § 3E1.1 unless the denial is without foundation.[3]

Galindo's statements suggest that he was attempting to minimize his conduct. We have held that a defendant's attempt to minimize her conduct provides a sufficient foundation for the denial of a reduction for acceptance of responsibility.[4] Galindo has not shown that the district court clearly erred by denying a reduction for acceptance of responsibility.[5]

AFFIRMED.

---

[1] *U.S. v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[2] *U.S. v. Cano-Guel*, 167 F.3d 900, 906 (5th Cir. 1999) (internal quotation marks omitted).

[3] *U.S. v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002).

[4] *See U.S. v. Cabrera*, 288 F.3d 163, 175-77 (5th Cir. 2002).

[5] *See Cano-Guel*, 167 F.3d at 906.